UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFF HEMPHILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-2131-B |
| | § | |
| CELANESE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Celanese Corporation's Motion to Dismiss Plaintiff's Complaint and/or Strike His Prayer for Damages (doc. 8). For the reasons stated below, the Court finds the Motion should be **DENIED IN PART** and **GRANTED IN PART** (doc. 8).

### I.

### BACKGROUND

Plaintiff Jeff Hemphill ("Hemphill") filed this action against Defendant Celanese Corporation ("Celanese") on December 2, 2008 seeking damages for alleged violations of the Sarbanes Oxley Act's whistleblower protection provisions. (*See generally* Compl.) Hemphill was employed by Celanese as an internal auditor from March 17, 2006 until his termination on September 4, 2007. (*Id.* at ¶ 5.) During the course of his employment, Hemphill made various reports of inappropriate activity allegedly constituting violations of the Securities Exchange Act of 1934. (*Id.* at ¶¶ 6-7.)

According to Hemphill, Celanese maintained a hostile work environment and refused to act upon the financial irregularities Hemphill discovered while performing his auditing duties.

(*Id*. at ¶ 10.) Ultimately, Celanese terminated Hemphill's employment. (*Id*. at ¶ 9.) Celanese justified Hemphill's termination by pointing to an incident in which Hemphill had yelled at a coworker and subsequently denied responsibility. (*Id*.) According to Hemphill, the reason offered for his termination was merely pretext because the individual responsible for the termination was made aware of Hemphill's reports prior to the termination. (*Id*.) Accordingly, Hemphill alleges he was discharged and discriminated against in violation of 18 U.S.C. § 1514A(a)(1)(c). (*Id*.)

Hemphill filed an administrative complaint with the Occupational Safety & Health Administration ("OSHA") on or about September 17, 2007. (*Id*. at ¶ 5.) OSHA issued its findings on February 8, 2008 after conducting an investigation. (*Id*.) Hemphill filed Objections to the Secretary's Finding with the United States' Department of Labor's Office of Administrative Law Judges. (*Id.*) Subsequently, Hemphill filed this action in which he seeks lost wages and benefits, future earnings and benefits, damages for mental anguish, exemplary damages, attorney's fees and the cost of the action including expert's fees. (*Id*. at ¶ 11-14.)

Celanese filed the instant Motion to Dismiss Plaintiff's Complaint and/or Strike His Prayer for Damages on March 9, 2009(doc. 8).[1] Having considered the Defendant's briefing and the relevant law, the Court turns to the merits of its decision.

## II.

## LEGAL STANDARDS

---

[1] Hemphill filed his Response on April 7, 2009. Celanese filed its Reply on April 22, 2009. The amended deadline for Hemphill's Response was April 6, 2009. As such, it was not timely filed. The Court has therefore made its decision based on its independent research of the issues involved and the briefing submitted by Celanese.

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor and [are] rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 147 (5th Cir. 1997)(quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 555). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Motions to Strike Under Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Such matter may be stricken upon motion made by a party or sua sponte. FED. R. CIV. P. 12(f). The

action of striking a pleading "should be sparingly used by courts" because "it is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Excambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Accordingly, a motion to strike should only be granted "when the pleading to be stricken has no possible relation to the controversy." *Id*.

### C. Whistleblower Protections Under the Sarbanes-Oxley Act

The Sarbanes-Oxley Act's whistleblower protection provision at 18 U.S.C. § 1514A creates a private cause of action for employees of publicly-traded companies who are retaliated against for engaging in certain protected activity. Section 1514A states in relevant part:

> No [publicly-traded company] . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C.] section 1341 [ mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by . . . (c) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover or terminate misconduct) . . . .

18 U.S.C. § 1514A(a). To prevail on a claim under this provision, an employee must prove by a preponderance of the evidence that (1) he engaged in protected activity; (2) the employer knew that he engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475-76 (5th Cir. 2008). In order for a claim under Section 1514A to

survive a 12(b)(6) motion to dismiss, the complaint must state a cause of action where an employee reasonably believed that the reported conduct was violating the provisions of § 1514A relating to shareholder fraud.  *See Skidmore v. ACI Worldwide, Inc.*, No. 8:08CV1, 2008 WL 2497442 (D. Neb. June 18, 2008); *Smith v. Corning, Inc.*, 496 F. Supp. 2d 244, 248-49 (W.D.N.Y. 2007); *Bishop v. PCS Admin., Inc.*, No. 05 C 5683, 2006 WL 1460032 (N.D. Ill. May 23, 2006).

In general, an employee prevailing on a claim brought under Section 1514A shall be entitled to "all relief necessary to make the employee whole." 18 U.S.C. § 1514A(c)(1). Compensatory damages under Section 1514A include "(A) reinstatement with the same seniority status that the employee would have had, but for the discrimination; (B) the amount of back pay, with interest; and (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees." § 1514A(c)(2). Section 1514A does not provide for any type of non-pecuniary damages, including punitive damages. *Murray v. TXU Corp.*, No. Civ.A.3:03-CV-0888-P, 2005 WL 1356444, at *3-*4 (N.D. Tex. 2005)(noting the original draft of the remedies provision of section 1514A provided explicitly for punitive damages, but subsequent drafts removed the language, providing force that such terms no longer applied); *see also Walton v. Nova Info. Sys.*, 514 F. Supp. 2d 1031, 1035 (E.D. Tenn. 2007)("Notably, the provision of [Section 1514A] makes no mention of any type of damages considered non-pecuniary, damages such as injury to reputation, mental and physical distress or punitive damages.").

### III.

### ANALYSIS

In the instant Motion, Celanese argues Hemphill's Complaint should be dismissed for

failure to state a claim upon which relief may be granted.  (*See generally* Def.'s Br. in Supp. of Mot. to Dismiss and/or Strike His Prayer for Damages ("Def.'s Br. in Supp. of Mot.").) Further, Celanese argues the Court should strike Hemphill's prayer seeking mental anguish damages, future earnings and benefits, and exemplary and punitive damages.  (*Id*.)  The Court will address each argument in turn.

### A. Motion to Dismiss Plaintiff's Complaint

Celanese moves the Court to dismiss Hemphill's Complaint under Fed. R. Civ. P. 12(b)(6) for failing to plead with requisite specificity three essential elements for relief under Section 1514A.  (Def.'s Br. in Supp. of Mot. 1.)  First, Celanese argues Hemphill fails to plead with requisite specificity that he reasonably believed the conduct he reported violated one of Section 1514A's enumerated categories of statutes or regulations.  (*Id*. at 3.)  Hemphill alleges he reported the following occurrences during the course of his employment: "(a) improper travel and entertainment charges by more than one manager, (b) the failure of managers to accurately report outside business interests they owned, (c) discovering significant irregularities during an audit of a Ocotlan plant, including potential FCPA violations, (d) taking improper business expense deductions which resulted in inaccurate books and records of the company and (e) the failure of the Internal Audit Department to report these issues to the Audit Committee in a timely manner." (Compl. at ¶ 6.)  Hemphill additionally alleges this conduct violated Section 13a and Rules 13a-15 of the Securities Exchange Act of 1934 (imposing conditions to maintain and ensure accurate financial reporting) and Section 13b of the Securities Exchange Act of 1934 (prohibiting one from knowingly falsify any book, record or account).  (*Id*. at ¶ 7.)  The language Hemphill uses to describe the reported conduct indicates he believed these actions were resulting

in accounting errors and inaccurate books or records. Accordingly, the Court finds Hemphill has adequately plead he reasonably believed the conduct he reported violated one of Section 1514A's enumerated categories of statutes or regulations.

Second, Celanese argues Hemphill fails to plead with requisite specificity that he reported the conduct. (Def.'s Br. in Supp. of Mot. 4.) Celanese argues Hemphill is required to plead the specific facts related to each "report." (*Id.* (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).) It appears Celanese is attempting to hold Hemphill to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that when alleging fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." However, the Court notes that neither fraud nor mistake is being alleged by Hemphill, but rather wrongful termination and/or discrimination. Accordingly, no heightened pleading standard applies and Hemphill has sufficiently plead that he reported the conduct.

Third, Celanese argues Hemphill fails to plead with requisite specificity that his reports were a contributing factor in any unfavorable personnel action taken against him. (Def.'s Br. in Supp. of Mot. 4.) Hemphill's Complaint alleges Celanese "maintained a hostile work environment for [Hemphill], and otherwise harassed [Hemphill] by refusing to act upon the financial irregularities he discovered while performing his auditing duties after they were forwarded to the appropriate individuals within [Celanese's] management." (Compl. at ¶ 10.) Additionally, Hemphill notes he was ultimately terminated and alleges the reason offered by Celanese for his termination was pretextual "since the individual responsible for the termination was specifically advised by Hemphill of his own protected activity prior to the adverse action." (*Id.* at ¶ 9.) The Court finds Hemphill has adequately plead unfavorable action was taken

against him because of his reports or protected activity.

Finally, Celanese argues that even if the facts plead are accepted as true, Hemphill is not entitled to relief as a matter of law. (Def.'s Br. in Supp. of Mot. 5) Celanese argues the conduct Hemphill "reported" did not actually violate the statutes and regulations Hemphill alleges were violated. (*Id*.) The statutes and regulations referenced by Hemphill provide for the maintenance of accurate financial reporting and the prohibition of falsifying any book, record or account. (Compl. at ¶ 7.) The reported conduct listed by Hemphill includes inaccurate reportings, significant reporting irregularities, and actions resulting in inaccurate books and records of the company. (*Id*. at ¶ 6). The Court finds this reported conduct could very well have constituted violations of the statutes and regulations Hemphill lists. Accordingly, the Court cannot establish Hemphill is not entitled to relief as a matter of law.

The Court finds Hemphill's Complaint is plead with adequate specificity. As such, to the extent Celanese's Motion seeks to dismiss Hemphill's Complaint, the Motion is **DENIED**.

### B. Motion to Strike Plaintiff's Prayer for Damages

Celanese additionally moves to strike Hemphill's prayer for mental anguish damages, future earnings and benefits, and exemplary and punitive damages. (Def.'s Br. in Supp. of Mot. 6.) According to Celanese, such damages are not available under Section 1514A. (*Id*.) Section 1514A provides a specific list of relief that an employee prevailing on a claim may seek. 18 U.S.C. § 1514A. This list does not include punitive damages, future earnings, or damages for mental anguish or emotional distress. *Id*. Rather, the list of damages is clearly restitutional in nature. *Id*.; *see Schmidt v. Levi Strauss & Co.*, No. C-04-01026 RMW, 2008 WL 859705, at*6 (N.D. Cal. Mar. 28, 2008). Because such damages are not available under Section 1514A, the

Court finds they have no possible relation to the controversy. Accordingly, to the extent Celanese's Motion seeks to strike Hemphill's prayer for mental anguish damages, future earnings and benefits, and exemplary and punitive damages, the Motion is **GRANTED.**

## IV.

## CONCLUSION

The Court finds Hemphill's Complaint adequately states a claim upon which relief may be granted. Further, the Court finds Hemphill's prayer for mental anguish damages, future earnings and benefits, and punitive and exemplary damages bears no relation to the controversy. Accordingly, Celanese's Motion to Dismiss is hereby **DENIED** and Celanese's Motion to Strike Damages is hereby **GRANTED.**

It is further **ORDERED** that Hemphill's prayer for future earnings and benefits, damages for mental anguish, and exemplary and punitive damages be **STRICKEN** from Hemphill's Complaint.

SO ORDERED.

DATED September 14, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE